**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JILL DREXEL,

           Plaintiff,

                                          CIVIL ACTION

vs.

                                          Case No. 07-2063-JWL-GLR

GENERAL MOTORS CORPORATION,

           Defendant.

**ORDER**

      Pending before the Court is Plaintiff's Motion for Leave to File a First Amended Complaint (doc. 23). Plaintiff seeks leave to file her amended complaint, which adds one cause of action, Promissory Estoppel, that relates back to the facts specifically plead in the original complaint and eliminates one cause of action, age discrimination, based on the discovery obtained to date. Defendant opposes the motion arguing that the motion is untimely because the Scheduling Order deadline for filing motions to amend of June 25, 2007 has long passed and Plaintiff has failed to show good cause for not meeting the deadline. Defendant further argues it would be prejudiced by the untimely amendment because it did not serve written discovery on any proposed cause of action of "promissory estoppel" and cannot now do so, as there is insufficient time remaining in the discovery period.

      Federal Rule of Civil Procedure 15(a) governs amendment of pleadings before trial. It provides that "[a] party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading

is not allowed and the action is not yet on the trial calendar."[1]  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."[2]  The Supreme Court has emphasized that "this mandate is to be heeded."[3]  The decision to grant leave to amend, after the permissive period, is within the district court's discretion and will not be disturbed absent an abuse of that discretion.[4]

Leave to amend should be denied when the court finds " undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[5]   In addition, the court may properly refuse leave to amend if a party knew or should have known of the facts upon which the proposed amendment is based but failed to include the allegations in its original pleading.[6]

Since Plaintiff filed her motion for leave to file an amended complaint, the parties have filed a Stipulation of Dismissal of Plaintiff's age discrimination claim (doc. 25) referenced in Plaintiff's instant motion.  Plaintiff has also filed an agreed motion to extend discovery and amend the Scheduling Order, in which she requests an extension of the discovery deadline to February 25, 2007.  The Court has granted such motion and extended the discovery deadline.  This will allow Defendant an opportunity to conduct discovery on Plaintiff's promissory estoppel claim and lessen

---

[1] Fed. R. Civ. P. 15(a)(1)(A)-(B) (amended effective Dec. 1, 2007).

[2] Fed. R. Civ. P. 15(a)(2).

[3] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[4] *Woolsey v. Marion Labs., Inc*., 934 F.2d 1452, 1462 (10th Cir. 1991).

[5] *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993).

[6]*Steinert v. Winn Group, Inc.,* 190 F.R.D. 680, 684 (D. Kan. 2000) (citing *State Distrib., Inc. v. Glenmore Distilleries Co.,* 738 F.2d 405, 416 (10th Cir. 1984)).

any prejudice by Plaintiff's late amendment of her complaint.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Leave to File A First Amended Complaint (doc. 23) is granted. In accordance with D. Kan. Rule 15.1, Plaintiff shall electronically file her First Amended Complaint within ten (10) days of this Order.

Dated in Kansas City, Kansas, this 18th day of December, 2007.

s/Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

cc:     All counsel